FILED
United States Court of Appeals
Tenth Circuit

July 7, 2026

Christopher M. Wolpert
Clerk of Court

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

NARAYSHA MARVE UNDERWOOD,

    Defendant - Appellant.

No. 24-1475
(D.C. No. 1:17-CR-00124-PAB-1)
(D. Colo.)

_____

### ORDER AND JUDGMENT*
_____

Before **HARTZ**, **EID**, and **CARSON**, Circuit Judges.
_____

In 2017, Naraysha Marve Underwood was indicted on one count of violating

18 U.S.C. § 922(g)(1).  He was initially sentenced to seventy-two months'

imprisonment followed by three years of supervised release.  However, after

Underwood finished serving his prison sentence, he admitted to ten violations of his

supervised release.  As a result, the district court imposed the probation office's

---

    * After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

recommended sentence of fifteen months' imprisonment followed by one year of supervised release.

Underwood appealed, alleging that (1) the district court should not have revoked his supervised release, (2) his sentence is procedurally unreasonable, and (3) his sentence is substantively unreasonable. However, Underwood's counsel filed an *Anders* brief and moved to withdraw as counsel. *See Anders v. California*, 386 U.S. 738 (1967). Although Underwood received proper notice from this court, he did not file a response to the *Anders* brief. The government also declined to file a brief.

To determine whether Underwood's appeal is wholly frivolous, we have reviewed the *Anders* brief and the record. *See United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005). We conclude that it is, and as a result, we dismiss the appeal and grant defense counsel's motion to withdraw. *See Anders*, 386 U.S. at 744.

## I.

In 2017, Underwood was indicted on one count of violating 18 U.S.C. § 922(g)(1) for knowingly possessing a firearm and ammunition in and affecting interstate commerce. After pleading guilty, Underwood was sentenced to seventy-two months' imprisonment followed by three years of supervised release. Underwood finished serving his prison sentence and was placed on supervised release.

However, in November 2023, a probation officer petitioned for a warrant because Underwood had allegedly accrued ten violations of supervised release:

2

Alleged violation 1:  failure to report to the probation officer.[1]

Alleged violations 2–7:  possession and use of a controlled substance (marijuana).[2]

Alleged violation 8:  failure to participate in dual diagnosis treatment.

Alleged violation 9:  failure to participate in substance abuse testing.

Alleged violation 10:  failure to work regularly.

*See* App'x Vol. I at 52–57, 70–74.

Underwood admitted to all ten violations in district court.  Moreover, his defense counsel conceded that violations two through seven were Grade B violations under our Circuit's precedent because Underwood had a prior drug conviction.  Ultimately, the district court found that Underwood had violated conditions of his supervised release, and as a result, it revoked his term of supervised release.

The court calculated Underwood's criminal history category as Category IV, resulting in a Guidelines range between twenty-one and twenty-four months' imprisonment.  Neither of the parties disputed this calculation.  Accordingly, the district court imposed the probation office's recommended sentence of fifteen months' imprisonment because it did not believe that Underwood's violations were merely technical.  Furthermore, the court found that Underwood had benefited from

---

[1] The petition alleged that Underwood failed to report for a probation appointment in November 2023, and that he had not been in contact with probation since.

[2] Count 7 also initially claimed that Underwood possessed and used cocaine, but the government has since dismissed this allegation.  As a result, we do not consider it here.

3

his period of supervised release and treatment, and that he would likely benefit again. As a result, the court also imposed a supervised release term of one year with special conditions that Underwood participate in drug treatment and live in a sober living program for 180 days. Finally, the court ordered mandatory conditions that prohibit Underwood from possessing or unlawfully using a controlled substance.

Underwood timely appealed. His defense counsel subsequently filed an *Anders* brief.

## II.

According to *Anders*, counsel may "request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." *Calderon*, 428 F.3d at 930; *see also Anders*, 386 U.S. at 744 (stating that if, after "conscientious examination" of the record counsel finds an appeal "wholly frivolous," then counsel may move to withdraw and contemporaneously file a "brief referring to anything in the record that might arguably support the appeal"). If we find that the claims are, indeed, frivolous, we "may grant counsel's motion to withdraw and may dismiss the appeal." *Calderon*, 428 F.3d at 930.

## III.

The *Anders* brief begins with a potential challenge to the revocation of Underwood's supervised release.

"We review the district court's decision to revoke supervised release for abuse of discretion. Legal questions relating to the revocation of supervised release are

reviewed de novo." *United States v. Jones*, 818 F.3d 1091, 1097 (10th Cir. 2016).

However, as the *Anders* brief observes, "[c]ounsel raised no objection to the

revocation of supervised release or argument that [ ] Underwood's admission to the

violations was invalid." *Anders* Br. at 9. As a result, we review the revocation of

Underwood's supervised release for plain error.

"To demonstrate plain error, a litigant must show: '(1) error, (2) that is plain,

which (3) affects substantial rights, and which (4) seriously affects the fairness,

integrity, or public reputation of judicial proceedings.'" *United States v.*

*Bustamante-Conchas*, 850 F.3d 1130, 1137 (10th Cir. 2017) (en banc) (quoting

*United States v. Mike*, 632 F.3d 686, 691–92 (10th Cir. 2011)). But here, the *Anders*

brief does not believe that Underwood can "bring a nonfrivolous claim that the

district court erroneously revoked his term of supervised release." *Anders* Br. at 9.

This is because "[t]he district court complied with Fed. R. Crim. P. 32.1(b)(2),"[3] and

"accepted [Underwood's] admissions [that] he violated conditions of supervised

release, including for possession and use of controlled substances, which he conceded

were Class B violations that require revocation under statute and the Sentencing

---

[3] "Revocation proceedings are governed by Fed. R. Crim. P. 32.1(b)(2), which requires that the defendant receive (A) written notice of the alleged violation(s); (B) disclosure of the evidence supporting the allegation(s); (C) the opportunity to appear, present evidence, and question adverse witnesses; (D) notice of the right to counsel; and (E) the opportunity to make a statement and present information in mitigation." *Anders* Br. at 10. According to 18 U.S.C. § 3583(e), to revoke supervised release, the district court must find, by a preponderance of evidence, that the defendant violated one of its conditions. "A revocation hearing, however, is not required if the defendant admits to violating terms of supervised release." *Id.* (citing *United States v. Martinez-Espinoza*, 110 F.4th 1187, 1195 (10th Cir. 2024)).

Guidelines." *Id.* at 9–10. The *Anders* brief further notes that because Underwood admitted to the ten alleged violations of the supervised release—and there is no evidence that these admissions were involuntary—he cannot show that the district court plainly erred by revoking his term of supervised release.

We agree with the *Anders* brief. We do not see how Underwood could show plain error on appeal, for the reasons described above. Thus, any challenge to the revocation of his supervised release would be frivolous.

## IV.

Next, the *Anders* brief addresses a potential challenge to the procedural reasonableness of Underwood's sentence.

"If the defendant preserved his or her procedural challenge in the trial court, we generally review the procedural reasonableness of that defendant's sentence using 'the familiar abuse-of-discretion standard of review.'" *United States v. Sanchez-Leon*, 764 F.3d 1248, 1262 (10th Cir. 2014) (quoting *United States v. Halliday*, 665 F.3d 1219, 1222 (10th Cir. 2011)). However, as the *Anders* brief points out, "[c]ounsel for [ ] Underwood lodged no objection to the court's Guidelines calculations, that it had authority to impose an additional BOP sentence, and that it could impose another term of supervised release." *Anders* Br. at 11–12. Counsel also provided no legal basis for objections to the conditions of Underwood's supervised release. As a result, we review the sentence's procedural reasonableness for plain error.

6

"To demonstrate plain error, a litigant must show:  '(1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings.'"  *Bustamante-Conchas*, 850 F.3d at 1137 (quoting *Mike*, 632 F.3d at 691–92).  But the *Anders* brief does not believe that Underwood could show that there was plain error on appeal, because there was not, in fact, any error.

In support of this conclusion, the *Anders* brief notes that "[t]he district court correctly calculated the Guidelines range and committed no plain error when imposing a new 15-month BOP sentence . . . and a one-year term of supervised release." *Anders* Br. at 12.  Indeed, as it points out, Underwood's sentence is six months below the correctly calculated Guidelines range, and "[a]s counsel acknowledged, [ ] Underwood's possession offenses were Class B violations under circuit precedent." *Id.* (citing *United States v. Rodriguez*, 945 F.3d 1245, 1253 (10th Cir. 2019)).  Additionally, the *Anders* brief notes that "possession of controlled substances and refusal to complete drug testing (violations 2–7 and 9) require the court to revoke supervised release and impose a term of imprisonment." *Id.* at 12–13 (citing 18 U.S.C. § 3583(g); U.S.S.G. § 7B1.3(a)(1)).

Furthermore, the *Anders* brief observes that while the district court could impose an additional term of supervised release, the "term could not exceed that which was originally authorized for the conviction less the length of imprisonment imposed for supervised release." *Id.* at 13 (citing 18 U.S.C. § 3583(h)).  Indeed, the court could not have imposed a term of supervised release on Underwood that

7

exceeded twenty-one months, *see* §§ 3583(b), (h), and here, the court complied with that requirement by only imposing a term of supervised release of twelve months. Finally, the *Anders* brief claims that there is no "basis to argue that imposing conditions related to substance use, testing, and treatment was plain error," because "[s]ubstance abuse testing is a mandated condition [according to § 3583(d)]," and "the district court found, consistent with counsel's statements, that [ ] Underwood was benefitting from treatment, that he benefitted from supervised release before with treatment conditions and would again." *Id.* at 14.

We agree with the *Anders* brief in full. We do not see how Underwood could show plain error on appeal, for the reasons described above. Thus, any challenge to the procedural reasonableness of the sentence would be frivolous.

## V.

Finally, the *Anders* brief discusses a potential challenge to the substantive reasonableness of Underwood's sentence.

"We review a district court's sentencing decision for substantive reasonableness under an abuse-of-discretion standard." *United States v. Cookson*, 922 F.3d 1079, 1090 (10th Cir. 2019). "A district court abuses its discretion when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Friedman*, 554 F.3d 1301, 1307 (10th Cir. 2009). "Substantive review 'involves whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a).'" *United States v. Alapizco-Valenzuela*, 546 F.3d 1208, 1215 (10th Cir.

2008) (quoting *United States v. Conlan*, 500 F.3d 1167, 1169 (10th Cir. 2007)). Importantly, "[o]ur abuse-of-discretion standard applies 'without regard to whether the district court imposes a sentence within or outside the advisory guidelines range,' so we do not apply a presumption of unreasonableness to sentences outside the guidelines range." *Cookson*, 922 F.3d at 1090 (quoting *Friedman*, 554 F.3d at 1307).

The *Anders* brief does not believe that Underwood could succeed in arguing "that his sentence—a downward variance of six months—is unreasonably high." *Anders* Br. at 15. Indeed, it notes that the district court "considered 18 U.S.C. § 3583(e), as required, and the Guidelines when imposing the revocation sentence and terms of additional supervised release." *Id.* Furthermore, it points out that the court "discussed the nature of the violations, Underwood's characteristics, needed treatment, and the diminished likelihood of future violations—all § 3553(a) factors that § 3583(e) requires the court to consider." *Id.* (cleaned up). And, as is relevant here, the *Anders* brief states that "the terms of supervised release related to drug treatment were mandated or consistent with the court's findings." *Id.* Finally, it argues that we have never before held that a sentence was unreasonably long. *Id.*

We agree with the *Anders* brief that the district court did not abuse its discretion when it varied Underwood's sentence downward. The court considered all of the relevant § 3553(a) factors, as is required. Indeed, because of the court's determinations, Underwood is serving a sentence that is six months *less* than the bottom of the recommended Guidelines range. We do not see any basis on which Underwood could argue that this sentence was unreasonable, either in the record or in

Underwood's filings.  Thus, any challenge to the substantive reasonableness of the sentence would be frivolous.

## VI.

For the foregoing reasons, we **GRANT** counsel's motion to withdraw and **DISMISS** Underwood's appeal.

Entered for the Court

Allison H. Eid
Circuit Judge

10